Barker *v.* Coflin.

---

## BARKER *vs.* COFLIN.

A common carrier of passengers may, by agreement, provide that a passage shall be made within a time specified, and in one continuous trip.

Thus, where the plaintiff paid for a passage from New York to Buffalo by the Hudson River and New York Central Rail Roads, and received a passage ticket, which specified that it was to be used within three days, and was good for a continuous trip only; it was *held* that the ticket was to be regarded as the evidence of a contract which the rail road companies were authorized to make; and that it conferred upon the plaintiff a right of passage, to be exercised within three days, and during a continuous trip, only.

And the plaintiff having proceeded as far as Albany, upon the rail road, and then left the cars and remained there six or seven days, it was further *held* that upon resuming his journey, after the expiration of the time specified in the ticket, he was liable to pay an additional fare to the rail road company; and that upon his refusal to pay, the conductor was justified in removing him from the cars.

Barker *v.* Coflin.

MOTION for a new trial, upon exceptions first heard at general term. The action was to recover damages for an assault, and for ejecting the plaintiff from the cars of the New York Central Rail Road Company. The defendant was a conductor on the cars. The plaintiff, August 12th, 1858, purchased of the Hudson River Rail Road Company, at its depot in New York city, a ticket for a passage to Buffalo. He inquired what the fare to Buffalo was, and was told $5.00, which he paid and received a ticket reading thus: " Good for one seat in first class car from New York to Buffalo by Hudson River and New York Central Rail Roads; to be used within three days from date; good for a continuous trip only ; issued by the Hudson River R. R. Co." Signed " C. H. Kendrick." On the back was printed " Hudson River R. R. Ticket Office, August 12, 1858." The plaintiff left the city immediately, and rode to Albany, where he remained until the 18th or 19th day of August, when he took the cars of the Central rail road and rode to a place west of Syracuse. The defendant came into the cars, as conductor, at Syracuse, and after calling upon the passengers for tickets or fare, the plaintiff exhibited the ticket, and the conductor refused it and told him it had expired and was not good, and that the plaintiff must pay fare. The plaintiff refused, and the defendant removed him from the cars, using no unnecessary force, and acting under instructions from the New York Central Rail Road Company. After the plaintiff was thus removed he returned to the car, paid fare and continued his journey. The reduction of fare to $5.00 was owing to the competition then existing between the New York Central Road Company and other competing lines. The usual fare from New York to Buffalo was about $9.50. These facts were stated by the plaintiff.

The plaintiff rested, and the court, upon motion of the defendant, granted a nonsuit, the plaintiff claiming the right to submit the case to the jury. The plaintiff duly excepted.

*Talbert & Phelps,* for the plaintiff, cited *Quimby* v. *Vanderbilt,* (17 *N. Y. Rep.* 306.)

*Cox & Avery,* for the defendant, cited the *Statute, (Sess. Laws* 1850, *p.* 231, § 35 ;) also *Hibbard* v. *New York and Erie Rail Road,* (15 *N. Y. Rep.* 458, 9.)

*By the Court,* MARVIN, J. At the circuit, I was of the opinion that the case was to be controlled by the contract between the plaintiff and the rail road companies, and that the contract was, simply that the plaintiff, for the consideration of $5, should have a seat and be conveyed in the first class cars from New York to Buffalo by the Hudson river and the New York Central Rail Roads, in case he availed himself of the contract within three days, and made the journey by a continuous trip. It was assumed that the agent selling the ticket had authority to bind the Hudson river and New York Central roads, and the question was made to turn upon the contract. The ticket was produced and given in evidence by the plaintiff, and it furnished the evidence of the contract. It was the only evidence furnished by the plaintiff to the defendant of the right of the former to remain in the cars. The defendant recognized the contract, and claimed that it gave to the plaintiff no right to a seat and passage in the cars, at that time. If the ticket is to be regarded as the evidence of the contract, and the contract was not illegal, then I confess that I am unable to take any other view than that taken at the circuit. The contract conferred upon the plaintiff a right of passage, to be exercised within three days, and during a continuous trip, only.

The plaintiff took a seat in the cars and was carried to Albany. Instead of proceeding on to Buffalo in the cars of the New York Central Rail Road Company, he left the cars, remained in Albany six or seven days, and then took the cars and claimed the right, under the contract, to be carried to Buffalo. He certainly had no such right under the contract,

Barker *v.* Coflin.

as I construe it. Had the rail roads the right to make such contract ? Was the contract legal ? I confess I am not able to see any reason why they had not the right to make such contract, and why it was not legal. They were common carriers of passengers, and had a right to make any special contract not unreasonable and illegal. May not common carriers of passengers say, to-day, or this week, we will carry you, a passenger, over our route, for a sum specified, though to-morrow, or next week, our price may be double the sum we will now accept ? If this right is taken away from rail road companies, or common carriers, what power will they have to protect themselves against overloading ? It is claimed that having once received the fare established at any given time, for a passage from one place to another, the person paying the fare will be entitled to the passage at any future time, whatever may have been the terms of the contract, as to the time within which the passage should be made. Establish this as a principle, and the right of passage may be claimed by such numbers upon a particular day or occasion, as to render it impossible for the carrier to perform his contract. The contract for passage may be made at a time when the fare, by the stage, or cars, is very low, and its execution be claimed at a future time when the reasonable fare is much higher ; or the tickets may be purchased, as in this case, when competing roads have reduced temporarily the fare, and the passage may be claimed weeks or months after the fare has been greatly increased. In short I know of no reason why the carrier may not, by agreement, provide that the passage shall be made within a time specified and in one continuous trip. As it is the duty of a common carrier to carry the passenger, the terms of the contract as to the time and the trip should be reasonable.

In *Cheney* v. *Boston and Maine Rail Road Company,* (11 *Met.* 121,) the plaintiff purchased a ticket for a passage from Dunham to Boston. It was a rule of the defendant, that a passenger should go through in the same train of cars. The

plaintiff, after taking his seat, was so informed, and remonstrated. He stopped at an intermediate place, and went aboard of the next train and was required to pay fare again. The action was for money had and received, and for breach of contract. The court held that the plaintiff could not recover. This case is, in principle, in point. (*See also Pierce on Am. Rail Road Law,* 491.

If I am right as to what the contract was, and that it was not illegal, then the plaintiff was not rightfully in the car after refusing to pay fare, and the conductor was right in removing him. (*Sess. Laws* 1850, *p.* 231, § 35.) I have examined *Quimby* v. *Vanderbilt,* (17 *N. Y. Rep.* 306,) cited by the plaintiff's counsel, and the effect here given to the ticket as evidence of the contract is not in conflict with the opinion in that case.

The motion for a new trial must be denied.

[ERIE GENERAL TERM, May 14, 1860. *Marvin, Davis* and *Grover,* Justices.]