## EBENEZER D. CHURCHILL

*v.*

## THE CHICAGO AND ALTON RAILROAD COMPANY.

1. RAILROAD—*duty to carry passenger.* Railroad companies, being com-
mon carriers, and compelled to receive and carry all passengers who will
pay the usual fare, must do so under reasonable regulations. Where the
passenger has purchased a ticket and applies for passage, the employees
of the company have no discretion, but are bound to carry him according
to the terms of the ticket. If the holder of the ticket deports himself
properly, the company have no right to refuse the ticket or to admit him
to the class of car his ticket designates, and, when thus admitted, the com-
pany has no right, so long as he deports himself properly, to eject him
from the train before reaching the station named in the ticket.

2. Same—*not obliged to give lay-over ticket.* The contract to carry a passenger, like all others where there is no agreement to the contrary, is entire in its character. Neither party has the right to insist upon its performance in fragments. Therefore, the company, after having entered upon the performance of the contract, is under no legal obligation to give the passenger a lay-over ticket.

3. Same—*effect of condition in lay-over ticket.* Railroad companies not being bound to give a lay-over ticket, when they do so it is upon the terms agreed upon by the parties, neither having the right to disregard them, when given and accepted. And when a passenger accepts a lay-over ticket marked good for thirty days only, he is bound by the terms imposed, and to make the same available must use it within the time prescribed.

4. Pleading—*construed most strongly against the pleader.* Where a passenger accepted a lay-over ticket, good for thirty days only, and after the expiration of the time, got upon defendant's cars, and when such ticket was lawfully refused, would not pay his fare, and was ejected from the cars, in a suit against the company to recover damages for the refusal to carry him, and his expulsion, he alleged in his declaration that the servants of the company "did forcibly, and with great violence, thrust and eject plaintiff from the said cars:" *Held,* that such allegation did not imply that excessive force was used, there being nothing to show how much force was necessary, and no averment that the plaintiff did not resist, or that the force employed was wanton.

Writ of Error to the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Stevenson & Ewing, for the plaintiff in error.

Messrs. Williams & Burr, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This was an action on the case, brought by plaintiff in error, in the circuit court of McLean county, against defendant in error. The declaration contained two counts, to which a demurrer was interposed, and sustained to the second count, but overruled to the first count; and plaintiff in error refusing to further prosecute his suit under the first count, the court rendered judgment for costs against him, and he brings the record to this court and assigns for error the sustaining of the

demurrer to the second count of his declaration, and in rendering judgment against him.

The second count avers that plaintiff, at Chenoa, in McLean county, purchased a ticket of the proper agent, entitling him to travel on a passenger car from that place to Chicago; that he went on one of their passenger cars from Chenoa to the city of Joliet, when, desiring to stop over, he procured from the conductor a lay-over ticket, good for thirty days; that, after the expiration of thirty days from that time, he entered another of defendant's passenger cars at Joliet, going to Chicago, and when the conductor called for his fare, he presented this lay-over ticket, which the conductor refused to receive, and he, with the brakeman, "forcibly and with great violence," thrust and ejected plaintiff from the car.

On the one side it is contended that the ticket authorized plaintiff to travel at any time and on any of the cars or trains of the company from and to the places designated, notwithstanding the limitation of the time fixed in the ticket; that the company, through its agents, had no power to prescribe any time within which the ticket should be used. On the other hand, it is claimed that the company has such power, and incurred no liability for what was alleged to have been done in removing plaintiff from the car.

Railroads being common carriers, and compelled to receive and carry all passengers who will pay the usual fare, they must do so under reasonable regulations. According to usage, when a person applies a reasonable time before a passenger train leaves a station, the company are bound to receive the money and give to the applicant a ticket entitling him to travel on their cars from the place where purchased to the point named in the ticket and for which it was purchased; and, on the presentation of this ticket to the conductor, he is bound to carry him according to the terms of the ticket. In these particulars, the company and their employees have no discretion. If the person holding the ticket is orderly and

deports himself properly, the company have no right to refuse the ticket, or to admit him to the class of car his ticket designates, and, when thus admitted, the company has no right, so long as he deports himself properly, to eject or remove him from the train before reaching the station named in his ticket.

But do the same rules apply to the acquiring and use of a lay-over ticket? The ticket a passenger purchases specifies no right to exchange it for a lay-over ticket. The contract to carry is, like all others, where there is no agreement to the contrary, entire in its character. When the ticket is presented, the holder has a right to have the contract to carry executed as an entirety, and not in fragments. The company can not insist that they have the right to perform their contract by carrying the passenger to intermediate points and putting him off, and requiring him to take the next or a subsequent train. This would violate the implied agreement that the company will not only carry the passenger to his place of destination on the road, but that it shall be without delay and without requiring him to lay over, unless compelled to do so from unavoidable necessity. When the company has entered upon the performance of their contract, the passenger has a right to insist that it shall continue until completed.

On the other hand, the right is reciprocal. When the passenger presents his ticket, and the road has entered upon the fulfilment of their contract, they have an equal right to insist that it shall be continuous till completed; that they shall not be required to perform in fragments. The contract to carry implies that either side may insist on its continuous completion. The parties, however, like parties to any other contract, may, by agreement, change the terms of the contract so as to be executed in fragments, or different portions at different times. But this is a matter of contract only, neither party having a right to alter its terms. Such a change in the agreement can only be made by mutual consent, and the terms agreed upon by the parties in making the change must govern

and control in its execution.    It then becomes a new contract to carry according to that agreement.    The company not being bound to give a lay-over ticket, when they do so it is upon the terms agreed upon by the parties; neither having the right to disregard them when given and accepted.

Appellant having a discretion in receiving the lay-over ticket, he was not bound by any offer or terms imposed until he accepted it.    He could neither demand such a ticket nor impose the terms that should be embraced in giving it.    If given or offered by the company, they could impose the conditions, and he could accept or reject it with the terms proposed.    But when he accepted it on the terms specified, he was bound by them.    It became a valid and binding contract, and, to render the lay-over ticket available, he should have used it within the specified time.    The law would not compel the parties to execute this latter contract in any other manner, or at any other time than as the parties had agreed.

The second count shows no grounds of recovery, and the court below did not err in holding it fatally defective, and in sustaining the demurrer.

It is claimed that it is averred in the declaration that excessive force was used in ejecting plaintiff in error from the train.    We find no such averment.    The averment is, that the servants of the company "did forcibly and with great violence thrust and eject plaintiff from the said cars."    This does not imply that excessive force was used.    There is nothing to show how much force was necessary.    It may be that no more force was used than was absolutely necessary.    Plaintiff in error may have resisted with such violence as to require all the force that was used, and, as the company had the right to use all the force necessary for his expulsion, on his refusing to pay his fare or leave the train on being requested, and he fails to aver that he did not resist, and that the force employed was wanton, we can not presume excessive force was employed by the company.

The judgment is affirmed.    *Judgment affirmed.*