JAMES P. DENNY *against* THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY.

The regulations of the defendants (a railroad company) required that a passenger's
ticket should be indorsed by the conductor if he desired to stop over at a way
station, and resume his journey on another train. Plaintiff, a passenger on a
through train to New York, desiring to stop over at Little Falls, applied to the
conductor of the train on which he was traveling to have his ticket so in-
dorsed, and was told by him that it was not necessary. Plaintiff stopped over
at Little Falls, and resumed his journey on another train of the defendants,
and, without applying to the conductor of that train to have his ticket in-
dorsed, again stopped over at Amsterdam. On attempting to resume his
journey from Amsterdam on another train, the conductor refused to recognize
his ticket, because it was not indorsed in accordance with the company's reg-
ulations, and ejected him for non-payment of his fare: *Held*, that the privilege
granted him by the conductor of the train on which he first embarked, of stop-
ping over at a way station, without having his ticket indorsed as required by
the company's regulations, was exhausted by his stopping over at Little Falls,
and that, when he again embarked, he became subject to all the company's reg-
ulations, and that he could not again stop over at a way station without hav-
ing his ticket indorsed.

APPEAL by deféndants from a judgment entered at trial
term.

The facts are fully stated in the opinion.

ROBINSON, J.—By the regulations of this company the con-
ductors of all passenger trains were required to punch a hole
in the passenger's ticket, and if the passenger desired to stop
over at any way station, the ticket must be indorsed by the
conductor in order to entitle him to get upon another train
and resume his journey upon the credit of such punched ticket,
and it was not good if not so indorsed.

Plaintiff being a passenger on defendants' road, on an east-
ward bound train to New York, having a through ticket, on
approaching Little Falls applied to the conductor to be let off
there, and asked him to indorse the ticket. The conductor (as
plaintiff testifies) answered, "that was not necessary." Plaint-
iff got off there, and in about an hour and a half again took

passage on another eastward train, and again without procuring or applying for any indorsement on his ticket by the conductor of that train, got off at Amsterdam. The next day he again took passage on another like train, and being applied to by the conductor of that train, presented his unindorsed ticket, which the conductor for that reason refused to recognize, and on plaintiff's persistent refusal to pay his fare, in accordance with the rules of the company, was put off the train at Hoffman's Ferry for non-payment of fare, no unnecessary force being used in plaintiff's expulsion from the cars ; and yet, without proof of any specific damages, plaintiff has recovered $250.

Upon the foregoing facts I am of opinion the motion for a nonsuit or dismissal of the complaint ought to have been granted. The ticket evidencing the contract was for a through passage on the defendants' road from Buffalo to New York. It contained no provision allowing him to make any severance, and to stop over at any one or more way stations, and again resume his journey from station to station at his pleasure as to time and place. The contract was *entire*, and its obligation was for a continuous or *through* passage to New York, and not for stopping over at intermediate stations (*McClure* v. *Phil. Wil. & Balt. R. R. Co.* 34 Md. 532 ; s. c. 5 Alb. Law J. 13 ; 6 Am. R. 345 ; *Beebe* v. *Ayres*, 28 Barb. 275 ; *State* v. *Overton*, 4 Zab. (N. J.), 435 ; *C. C. & C. R. R.* v. *Bartram*, 11 Ohio, 457).

The indulgence the defendants allowed in this respect, by their conductors' indorsement of the ticket, was not by force of their original obligation, but a considerate waiver of its prescribed terms, in special cases for the convenience and accommodation of the passenger, and, unless obtained in the manner prescribed by the rules of the company, was of no binding effect upon them. No usage or custom was shown to prevail by which on a through ticket the passenger could stop over at any place he chose, or stay as long as he pleased, or that any general power was vested in any one conductor to waive the rules of the company, and grant any such peculiar privilege controlling the rights and action of the company and of all other conductors on succeeding trains. The permission granted the plaintiff by the first conductor, to stop over at

Little Falls without indorsement, was fully enjoyed, and the necessity for such indorsement entirely obviated in accordance with the terms of the information given the plaintiff by that conductor, but on his there again becoming a passenger *en route* for New York, he resumed his original *status*, with all its rights and obligations, and subject to the existing rules of the company, without regard to what had transpired between him and the first conductor. On again leaving the train at Amsterdam, without having applied for, or obtained from the conductor of that train, an indorsement of his ticket, he departed from the contract to submit himself to the company as a *through* passenger to New York, and relieved the defendants from any further obligation for its further fulfillment. This result can only be obviated by recognizing and adopting the views as presented on the part of the plaintiff, that the general regulations of the company were entirely dispensed with as to the plaintiff on this trip or passage, by the information given him by the conductor of the first train on his leaving it at Little Falls, that the indorsement of the ticket " was not necessary " to enable him to resume his journey on his original ticket. I can perceive no ground, either for giving any such latitudinarian construction to the statement made by that conductor, or, if so accepted, for recognizing his right so to dispense with the provisions of the contract, and pervert it into one allowing the passenger to stop at each and every station on the route, and to remain over as long, and resume his journey from station to station whenever he pleased, for such is necessarily the result of the position assumed by the plaintiff.

As to what transpired between the first conductor and plaintiff, it had no such import or necessary intendment as to grant him a general waiver or dispensation of the rules of the company on his resumption of his journey on another train for New York, but at most insured the continued recognition of his ticket, entitling him to his through passage when next resuming his journey. But were this otherwise, and the conductor held to have assumed the character of a general agent of the company, and to have extended to a passenger only such information as would naturally be asked or sought in regard to

his duty in conforming to the rules of the company, his acts cannot, upon any evidence offered, be construed to affect its rights, except upon the train within his control. No proof was offered of any authority on the part of the conductor of a train to act beyond its immediate control, and, by indorsement of the passenger's through ticket, to allow his stopping at an intermediate station, and resuming his journey upon the terms of his original ticket on a succeeding train. In no other respect can it be suggested within any recognized rule or principle of law, upon the evidence in this case, that he had any power (even if attempted to be assumed) of controlling or affecting the terms of the original *through contract*, or the duty of the conductor on a third train that took up the plaintiff as passenger at Amsterdam, to reject the ticket presented without indorsement of any previous conductor as a warrant for his becoming a passenger without payment of his passage money. In the absence of an act of the company, or any of its authorized agents, conferring upon the plaintiff the right thus to resume his journey at Amsterdam, upon an unindorsed ticket, he was not justified in his claim to be considered a passenger whose passage had been paid, and on refusal to make any such payment, was rightfully put off the train at Hoffman's Ferry.

For this reason the judgment should be reversed, the verdict set aside, and a new trial ordered, with costs to abide the event.

J. F. DALY, J., concurred.

DALY, Ch. J., dissented.

Judgment reversed.