DOCTOR TARBELL, RESPONDENT, v. THE NORTHERN CENTRAL RAILWAY COMPANY, APPELLANT.

*Train conductor — when the company is estopped from denying his authority to allow a passenger to stop over at a station.*

Where a passenger, upon applying for information to a train agent or conductor, is informed by him that he may get off at a station and continue his journey by the next train upon the same ticket, and the passenger relying upon the said statement, leaves the train at that station, the company is bound to carry him on the next train to the end of his route upon that ticket, and is estopped from denying the authority of the conductor to make the said agreement.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff on the 6th day of June, 1878, purchased a ticket entitling him to ride over defendant's line of railway from Harrisburg, in the State of Pennsylvania, to the city of Elmira, New York. Upon this ticket plaintiff rode to Troy, Pa., where he got off and resumed his journey upon the next train which followed some hours after the train upon which he commencd his journey. The ticket had been punched for the Elmira division, extending from Williamsport to Elmira, just

after the train left Williamsport, and coupons to Williamsport had been taken off. Upon the following train plaintiff offered the ticket upon which he had ridden from Harrisburg to the train agent, claiming the right to ride thereon. The train agent refused to recognize this right but demanded payment of fare, which plaintiff refusing to make he was put off at Columbia Cross Roads, a station on defendant's railroad. One of defendant's rules and regulations required a passenger having a ticket from one station to another, who desired to stop over at an intermediate station and pursue his journey by a subsequent train, to apply to the conductor and obtain a stop-over ticket. The plaintiff claimed that after leaving Williamsport and while the defendant's train agent was punching his ticket, he told the agent that he desired to stop off at Troy, and was told by the agent that he could stop off and resume his journey by the next train on that ticket, and that acting upon this permission he did so stop off. The whole transaction took place within the State of Pennsylvania, and it was conceded by plaintiff's counsel that the laws of that State should govern the case. The counsel for the defendant introduced in evidence two decisions of the Supreme Court of the State of Pennsylvania which he claimed should control the disposition of this case and preclude a recovery by plaintiff.

*G. M. Diven,* for the appellant. The plaintiff failed to establish any legal claim against the defendant and should have been nonsuited. (*Barker* v. *Coffin,* 31 Barb., 556; *Hamilton* v. *N. Y. C. R. R. Co.,* 51 N. Y., 100; *Elmore* v. *Sands,* 54 id., 512; *Cheney* v. *Boston & Maine R. R. Co.,* 11 Metc., 121; 5 Southern Law Rev. [N. S.], 765.) The train agent had no authority to vary the rules and regulations of defendant. (*Dietrich* v. *Penn. R. R. Co.,* 71 Pa., 432; *Oil Creek R. R.* v. *Clark,* 72 id., 231; *Boice* v. *Hudson R. R. Co.,* 61 Barb., 611; *McClure* v. *Philadelphia, etc., R. R. Co.,* 34 Md., 532; 6 Am. Rep., 345; 5 Southern Law Rev. [N. S.], 770 [3], 771, 772 [4].)

*F. E. Tibbetts,* for the respondent. The train agent had power to waive the regulations, and the company were bound thereby. (*Pennsylvania R. R.* v. *McCloskey,* 23 Penn. St. R., 526; *Dem-*

*ing* v. *Grand Trunk R. R. Co.*, 48 N. H., 455; *Philadelphia and Reading R. R. Co.* v. *Derby*, 14 How. [U. S.], 468; dec. U. S. Sup. Ct., vol. 20, p. 294; *Denny* v. *N. Y. C. and H. R. R. Co.*, 5 Daly, 50; *Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23; *Lamothe* v. *St. Louis Marine R. R. Co.*, 17 Mo., 204; Dig. Ry. Dec., p. 14; *Henderson* v. *Railroad Co.*, 17 Texas, 560; *N. Y. and N. H. R. R. Co.* v. *Schuyler et al.*, 34 N. Y., 30.)

LEARNED, P. J. :

The learned judge charged the jury that they had no right to give punitive damages, but that if the plaintiff's feelings were injured, he had a right to be compensated for such injury. This is quite correct. If the defendants did plaintiff a wrong, they should make compensation both for the pecuniary and for the mental injury.

The question whether the train agent waived the defendants' regulations, and agreed that the plaintiff might "stop over" without receiving a "stop-over" ticket, was properly left to the jury. The evidence of the plaintiff was sufficient to justify the jury in finding that such an agreement was made by the train agent. There was some contradictory evidence; but the train agent did not recollect the plaintiff, and really his testimony depended only on his knowledge of his ordinary custom in such matters.

The only remaining question respects the authority of the train agent to vary the rules and regulations of the defendants; or, more accurately, it respects the right of the plaintiff to trust to, and act upon, the agreement made with him by the train agent. The cases proved on the trial as evidence of Pennsylvania law do not aid the defendants on this point. In *Dietrich* v. *Penn. R. R. Co.* (71 Penn. St. R., 432), it appears that the plaintiff did not "stop over" by the consent of any person. In *Oil Creek and Al. R. R. Co.* v. *Clark* (72 Penn. St. R., 231) the same fact appears. In both cases the passenger got off the train without any consent or promise from any one, that he might continue his journey on another train.

But in the present case the jury must have found that the train agent, (an officer who appears to exercise the authority usually given to conductors,) informed the plaintiff, before he got off the train, that he might resume his journey on the next train upon the same

ticket.   On the strength of this assurance the plaintiff got off, thus surrendering the right of riding any farther upon that train.   Unless, then, the plaintiff was to be permitted to act on the assurance of the train agent, the defendants, through their agent, would be allowed to perpetrate the fraud of depriving the plaintiff of part of the benefit of his contract by a false statement.   The defendants, by inducing the plaintiff to get off the train, relieved themselves of the risk and labor of transporting him on that train any farther.   They must therefore fulfill the statement by which their agent induced the plaintiff to get off; inasmuch as it was a statement as to which the plaintiff was clearly entitled to rely upon the train agent.

The train agent was in control of the train.   He was evidently the officer of whom passengers should inquire as to what they might do in respect to their journey, according to the rules of the company.   It was within the scope of his apparent authority to tell the plaintiff what the effect would be of his getting off that train. (Story's Agency, § 452; *Penn. R. R. Co.* v. *McCloskey*, 23 Penn. St., 526.)

The defendant cites *Denny* v. *N. Y. C. and H. R. R. R. Co.* (5 Daly, 50), but in that case the plaintiff had got off a train by the consent of the conductor, and had got on another.   He then got off the second without any consent from the conductor, and it was held that the former permission did not give him a right to get on a third train.   He had resumed his passage under a continuous ticket, and he had obtained no permission to get off from the conductor under whom he was then traveling.   That is not the present case.

We think that the judgment and order should be affirmed, with costs.

BOCKES and BOARDMAN, JJ., concurred.

Judgment and order affirmed, with costs.