Johnson, C. J.
In the absence of any understanding, or of rules and regulations to modify the contract, the purchase and salé of a ticket from Newark to Junction City, created an obligation on the part of the carrier to carry by continuous service to the traveler’s destination. The carrier had no right to perform its part of the contract by a series of carriages fronvstation to station, on different-trains, at its convenience, but was bound, when the passenger selected the train he wished to go on, to carry him to his destination without avoidable delay. The rights of the parties in this respect are reciprocal, and, therefore, the passenger, after the carrier had entered on the performance of its obligation, had no right to demand performance by breaking the transit, and resuming it again at another, time. The rights of both parties arise out of the contract growing out of the sale of the ticket from Newark to Junction City. The ticket was only evidence of plaintiff’s right to be so carried. He had not stipulated for the right to abandon that train and resume his journey on another or at another time, and there was no rule, regulation or usage as there sometimes is, which entitled him to a stop-over check. The fact that it was- the same train, making a second trip the same day, to the same destination, in charge of the same conductor who knew the facts, can make no difference in the obligations *377 created by tbe sale of the ticket. That was for an entire and continuous journey. By voluntarily leaving tbe train at an intermediate station, tbe plaintiff took from tbe defendant tbe opportunity of completing its contract, and thereby released it from further obligation to do so. Tbe reasons for this rule are obvious and need not be particularized.
Since tbe case of C. C. C. R. R. Co. v. Bartram, 11 Ohio St. 457, tbe question might be regarded as settled. It is said, however, that is “ a freight train case.” It was tbe case of a passenger who took passage in a car attached to a freight train for tbe carriage of local passengers, and tbe rights and obligations of thé parties were tbe same in this respect, as on a regular train. State v. Overton, 4 Zab. 435; Deitrich v. Penn. R. R. Co., 71 Penn. 432; Stone v. C. &. N. W. R. R. Co., 47 Iowa, 82; Cheney v. B. & M. R. R. Co., 11 Met. 121; Barker v. Coffin, 31 Barb. 556.

Leave refused.