HERBERT R. WARD, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad passenger — right to " stop over" — removal from cars, of a passenger presenting a ticket from the station where offered, because of his refusal to pay fare for the distance already traveled.*

Where a passenger has been directed to leave a railroad train because of a refusal, on the part of its conductor, to accept a ticket which had already been used, on a previous train, for a portion of the route covered by it, and thereupon purchases a ticket from the station at which he is so directed to leave the train to the place of his destination, the railroad company cannot insist, as a condition of his transportation, that he should pay the fare legally chargeable for that portion of the road over which he has been theretofore carried, and for the refusal to pay the fare for which (when his ticket was refused) he has been directed to leave the train.

*Semble,* that the passenger who leaves a train at a station before reaching the place for which he has purchased a ticket, without having the ticket indorsed for a " stop over," does not forfeit his right to the further use of his ticket for his transportation to the station mentioned thereon.

APPEAL by the defendant from an order entered, in the office of the clerk of the county of Orleans on December 12, 1889, denying the defendant's motion for a new trial on the minutes, after a trial at the Orleans Circuit before the court and a jury, by which latter a verdict was rendered in favor of the plaintiff for the sum of $125.

*A. H. Harris,* for the appellant.

*W. E. Hobby,* for the respondent.

DWIGHT, P. J. :

The action was for damages for being put off from defendant's train. The plaintiff bought his ticket at Buffalo entitling him to transportation from that place to Holley on the Niagara Falls branch of the defendant's road. It was the ordinary ticket without limitation as to time or train. He rode to Albion, where he got off; and having transacted his business there, resumed his journey by the next train which stopped at that station. The conductor of the second train inspected his ticket and told him it was punched to Holley, and he must pay the fare from Albion to Holley or be put off the train. The plaintiff protested that he had paid his fare to Holley

and had not ridden beyond Albion on the ticket, and claimed the right to be carried the rest of the way. The conductor told him he should put him off at Murray, which was the next station. He testified that he was not put off nor told to get off at Murray, but that while the train was standing at that station he decided, in order to avoid further dispute with the conductor, to buy another ticket from Murray to Holley, and so he did. The station agent at Murray sold him such a ticket on his application, although the conductor of the train was present and declared that he would not accept the new ticket unless the plaintiff also paid the fare from Albion to Murray. The plaintiff resumed his seat in the train; the conductor came to him as soon as the train started and the plaintiff tendered him the new ticket. The conductor refused to receive it unless he also paid the fare from Albion to Murray, and upon the plaintiff's refusal to do so, stopped the train and put him off.

We are by no means prepared to concede that the plaintiff forfeited the right to the further use of his ticket by leaving the train at Albion without having the ticket indorsed for a "stop-over." Counsel for the defendant contends for the affirmative of this proposition upon the authority of two cases which he cites. They are *Terry v. Flushing, etc., Railroad Company* (13 Hun, 359) and *Kelsey* v. *Michigan Central Railroad Company* (28 id., 460). In the former of these cases the ticket held by the passenger was an "excursion ticket," so designated on its face, and was held by its terms to limit the holder to a continuous passage. The latter of the two cases is in point in support of the proposition, but is itself not supported by any one of the cases in this State referred to by the learned judge who wrote the opinion as establishing the rule stated by him. Thus *Auerbach* v. *New York Central, etc., Railroad Company* (89 N. Y., 281) was the case of a ticket with coupons from St. Louis to New York, which was, by its terms, "good for one continuous passage to point named in coupon attached." The only question in that case was, whether the express limitation to a continuous passage applied to the whole journey or to the passage over each of the connecting roads whose coupons were attached to the ticket. It was held "that the contract evidenced by the ticket was not by any one company, or jointly by all the companies named, but was a separate contract by each company for a continuous passage over its road." *Kessler* v.

*The Same Railroad Company* (61 N. Y., 538) involved only a question of the responsibility, as between several companies, for the luggage of the passenger. *Barker* v. *Coflin* (31 Barb., 556) was the case of a ticket, by its terms, "good for a continuous trip only." In *Hamilton* v. *N. Y. C., etc., Railroad Company* (51 N. Y., 100) judgment for the plaintiff was reversed by the Commission of Appeals for error of the trial judge in refusing to instruct the jury to disregard evidence of slanderous and abusive epithets applied to the plaintiff by the conductor. LOTT, Ch. C., was of opinion that the ticket, though not so limited by its terms, was good for one continuous passage only; but all the other members of the court expressly declined to concur on the last-named ground.

The case of *Elmore* v. *Sands* (54 N. Y., 512), referred to by DYKMAN, J., in *Terry* v. *Flushing, etc., Railroad* (*supra*), as authority for the dictum that the right to stop off exists only by means of "stop-over tickets," was the case of a ticket "good this date only," and the only question considered was whether it was good on any date other than that which it bore; and *Beebe* v. *Ayres* (28 Barb., 275), also cited by Judge DYKMAN, was the case of a ticket bearing on its face the words "good this trip only," and was a case of a mistrial besides.

The ticket which the plaintiff bought and paid for at Buffalo was evidence of the defendant's contract to convey him to Holley by any passenger train which stopped at the latter station. The contract was not limited, by its terms, to the day on which the ticket was purchased, nor to the train by which the journey was commenced. "Rule 24" of the company's instructions to conductors, which was put in evidence by the defendant, plainly recognizes the right of the passenger to stop over at any station of the road, and directs the conductor to make an indorsement on the ticket only in case the stop over is to be made between "punching stations." There is nothing in the case to charge the plaintiff with knowledge of this instruction at all, nor with knowledge that Albion, one of the chief towns on the route, was not a punching station. It seems that the punching stations designated in the instructions were Buffalo, Tonawanda, Lockport and Medina, and that the ticket was required to be punched once after leaving each of these stations. If the instruction was obeyed in this case, then it is plain that the

punch marks in the plaintiff's ticket were evidence that it had been used beyond Medina, and nothing more. They were no evidence that it had been used beyond Albion, because they were made before Albion was reached. It may be that, as between the conductor and his employer, it was the duty of the former to give to the marks an arbitrary significance, which in this case was contrary to the fact; but it would seem that to do so, would be at the employer's risk, and that if it violates the rights of the passenger, the employer must bear the consequences.

But the plaintiff's right to recover does not depend upon the application of the principles so far discussed. He resumed his journey by the next train at Albion, relying in good faith, as the jury has found, upon his ticket as evidence that his fare was paid to his destination. The conductor informed him that his ticket was not good, and that unless he paid his fare again from Albion to Holley he should be put off the train at Murray, the next station. The plaintiff contented himself with a remonstrance, and on arriving at Murray, left the train and bought a new ticket from that station to his home. We can entertain no doubt that he was entitled to ride on that ticket from Murray to Holley by any train that stopped at both those stations, including the one which then stood on the track at Murray. He had committed no breach of the peace, nor created any disturbance, nor been a trespasser on that train; and he owed the defendant nothing. He had once paid his fare to Holley, and he entered the train at Albion, believing that the ticket which he then had was evidence of that fact. The conductor refused to receive it as such, and threatened to remove the plaintiff from the train, but carried him to Murray because that was a stopping place. There the plaintiff voluntarily waived what he believed to be his rights under the old ticket and bought a new one, which was evidence of a new contract. He had done nothing to forfeit his right to make that contract, and the conductor had no authority to forbid him to make it, nor to refuse to recognize it.

The Massachusetts case of *Swan* v. *Manchester and Lawrence Railroad Company* (132 Mass., 116), upon which the defendant relies, is not in point. In that case the plaintiff was in the wrong from the first. He had entered the train without a ticket and refused to pay the fare rightfully demanded of him. He was a trespasser on the train and

was properly expelled from it; and he owed the defendant for his fare from the point where he first came on board. That cannot be said of the plaintiff in this case. No one will contend that an action could be maintained against the plaintiff for his fare from Albion to Murray. Such a claim, if made, would be determined upon common-law evidence, and not upon the effect, contrary to the fact, which the conductor's instructions required him to give to the punch marks in the plaintiff's ticket.

The cases of *Nelson* v. *Long Island Railroad Company* (7 Hun, 141) and *O'Brien* v. *N. Y. C., etc., Railroad Company* (80 N. Y., 236) were cases where the plaintiff entered the cars without a ticket and refused to pay the fare; and both turned, one in favor of the plaintiff, and one in favor of the defendant, upon questions not involved in this case.

We think the defendant's exceptions point to no error which vitiates the verdict, and the defendant's motion for a new trial was properly denied.

The order should be affirmed and judgment directed for the plaintiff on the verdict.

Macomber and Corlett, JJ., concurred.

Order appealed from affirmed, with costs.