THOMAS BONASERA, Respondent, *v.* THE BUFFALO & LAKE ERIE TRACTION COMPANY, Appellant.

(County Court, Chautauqua County, June, 1909.)

Carriers — Carriage of passengers — Contract for transportation — Right to stop over.

> The holder of a book of tickets issued by a street surface railroad company, each good for one fare between two points, is entitled to a continuous passage only between such points on each ticket; and he may not alight from the car on which he begins his journey and afterward board another car and complete his journey on the same ticket.

APPEAL from a judgment of a justice of the peace.

Kenefick, Cooke & Mitchell, for appellant.

Stearns, Thrasher & Sullivan, for respondent.

OTTAWAY, J.   This is an appeal from a judgment entered on a verdict rendered before a justice of the peace of the town of Dunkirk.   The action was brought to recover for an alleged wrongful ejection of the plaintiff from one of defendant's cars.

The defendant operates a street surface railway from a point within the city of Dunkirk to a point within the village of Fredonia.   Single cars are run at intervals, each car being in charge of a conductor and motorman.   Fare between points within the city of Dunkirk is five cents. Fare between points within the village of Fredonia is five cents.   Passengers taking the car either at Dunkirk or Fredonia are obliged to pay two fares of five cents each. Prior to the occurrence of which the plaintiff complains, the plaintiff had purchased of the agent of defendant a working-man's ticket book.   These books contained twenty-four tickets, and were good for fourteen days, and were sold at a reduced rate.   Each ticket bore the indorsement

" BUFFALO & LAKE ERIE TRACTION CO.
" Good for
" ONE FARE
" Going to or from Dunkirk,
" Subject to conditions printed on cover.
" Not good unless detached by Conductor.
             " J. C. CALISCH,
                     *" General Manager."*

Each of these tickets had a perforated line running through the center of said ticket from top to bottom, one-half of the ticket being blue and the other half white.   In the operation of defendant's road, upon presentation of the book, if the party presenting the book took the car within

the city of Dunkirk, it was the custom of the conductor to remove the ticket, tear the ticket in two and retain the blue portion, returning the white portion to the passenger. Upon reaching the city line between the city of Dunkirk and the village of Fredonia, the conductor would again make the rounds of the car and take the other portion of the ticket. If the party took the car in the village of Fredonia, the conductor retained the white portion of the ticket within the village of Fredonia and took the blue portion of the ticket after reaching the city of Dunkirk.

Upon the morning of June twenty-first, the plaintiff took the car of defendant within the city of Dunkirk and presented to the conductor in charge of the car a book containing tickets of the kind described. The conductor removed a ticket from the book and, dividing the ticket by the perforated line, retained the blue portion and handed the plaintiff the remaining white portion of the ticket. The plaintiff proceeded upon the car to a point within the city of Dunkirk where he left the car. After leaving the car, the plaintiff boarded another car of the defendant bound for the village of Fredonia, and tendered to the conductor in charge of the car the portion of the ticket returned to him by the conductor of the former car. The conductor in charge declined to receive such ticket and requested the plaintiff to pay his fare. This the plaintiff declined to do, and was ordered to leave the car, the conductor of the defendant stopping the car and insisting upon the plaintiff leaving the car, using such force and only such force as was necessary to eject the plaintiff from the car. Thereupon the plaintiff went to the city line between the city of Dunkirk and the village of Fredonia and waited the arrival of another car, which he boarded, and again presented the portion of the unused ticket to the conductor in charge of this car. The conductor declined to receive the ticket and demanded fare from the plaintiff. The plaintiff declining to pay his fare, the car was stopped and the plaintiff requested to leave the car. Pursuant to request the plaintiff did leave the car and walked to the village of Fredonia, a distance of upward of two miles. The plaintiff brings this action to recover

damages for the refusal of the defendant to carry him to the
village of Fredonia and for the act of the defendant in
ejecting him from this car.

Cases involving similar questions have frequently been
before the courts of this and other States, and it has uni-
formly been held that the passenger's contract is an entire
one; and, unless it be otherwise provided in the ticket or by
rule or custom, the trip cannot be broken off at an inter-
mediate point and resumed at pleasure. A party cannot
insist on its performance in fragments. Amer. Ry. Law
(Baldwin), 296; Churchill v. Chicago & A. R. Co., 67 Ill.
390; Cheney v. Boston & Me. Ry. Co., 11 Met. 121; Strong
v. Chicago & N. W. R. Co., 47 Iowa, 82; State v. Overton,
24 N. J. L. 435; Roberts v. Koehler, 30 Fed. Rep. 94;
Kelsey v. Mich. Cent. R. Co., 28 Hun, 460; Gale v. D., L.
& W. R. Co., 7 id. 370; Hamilton v. N. Y. C. & H. R. R. R.
Co., 51 N. Y. 100; Barker v. Coughlin, 31 Barb. 556;
Terry v. Flushing, N. Shore & Cent. R. Co., 13 Hun, 359;
Denny v. N. Y. C. & H. R. R. R. Co., 5 Daly, 50; Dunthy
v. Erie Ry. Co., 42 N. Y. Super. Ct. 128.

A passenger has no right to stop over on an ordinary
ticket reading from one point to another, in the absence of
special agreement or regulations of the carrier which permit
it. In this case no agreement was shown permitting the
plaintiff to stop over. The ticket upon which he claimed
the right of passage over the defendant's railroad had printed
across its face the conditions under which it was issued.
When the blue and white parts were severed, neither part
contained a complete sentence. The ticket refers to printed
conditions upon the cover containing the tickets. These
printed conditions provide:

" This book of tickets is not transferrable and is issued
and accepted on the express agreement that in consideration
of the reduction in fare it is void without claim for rebate
after date of expiration, or if presented by any other than
whose name is written hereon. Tickets good only during
specified time. When bearing signature of the Manager of
the Company this book is good for 24 fares between Dun-
kirk and Fredonia if presented before date of expiration.

Conductor will detach a ticket on each trip and take up the book when the time has expired or when presented by any other than the purchaser and return it to the office."

"J. C. CALISCH, *General Manager.*"

It thus clearly appears that the right contracted of the defendant by the plaintiff is a single trip between Dunkirk and Fredonia, and no right is given under this contract for a stop-over privilege. No claim was made upon the trial that any person in authority had ever granted this privilege to the plaintiff, at any other time or in any other manner. No rule or custom of the defendant was shown permitting or authorizing a stop-over under tickets of this character. The plaintiff cites the case of Aurbauch v. N. Y. C. & H. R. R. R. Co., 89 N. Y. 281. While in this case the court recognized the right of the passenger to stop over at points named in coupons attached to a ticket, where tickets have been sold for passage over different roads, the passage over each road being provided for by coupons attached to the ticket, yet in this case the court said: "The contract at St. Louis evidenced by the ticket and coupons there sold was not a contract of any one company or of all the companies named in the coupons jointly for a continuous passage between St. Louis and New York. The said contract was made for a continuous passage over each of the roads mentioned in the several coupons. Each company through the agent selling the ticket made a contract for a passage over its road and it after assumed responsibility for the passage only over its road * * * But the plaintiff was bound to a continuous passage over the defendant's road; that is, the plaintiff could not enter one train of the defendant's cars and then leave it and subsequently complete his journey."

In the case of Ward v. N. Y. C. & H. R. R. R. Co., 56 Hun, 268, the court declined to pass upon the proposition here presented and determined the case upon other grounds; and, in view of the uniform determinations by the courts of this proposition, the doubt expressed by the court in that case cannot be considered as authority.

Judgment is reversed, with costs to the appellant.

Judgment reversed, with costs to appellant.